**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JERRY LEE MARKS (#110257)**                          **CIVIL ACTION**

**VERSUS**

**CAPT. KENNETH STUART, ET AL.**                       **NO. 12-0344-**
                                                       **JJB-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 18, 2012.

 

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

**JERRY LEE MARKS (#110257)**                                              **CIVIL ACTION**

**VERSUS**

**CAPT. KENNETH STUART, ET AL.**                                      **NO. 12-0344-JJB-DLD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Capt. Kenneth Stuart, Lt. Chris Carraway and Lt. J. Singleton, complaining that the defendants violated his constitutional rights in March, 2011, by falsifying the results of two urinalysis tests and by thereafter fabricating a disciplinary charge which accused him of "Defiance". The plaintiff asserts that the actions of the defendants were motivated by retaliatory animus in response to an administrative grievance which the plaintiff had filed against prison security officers.

Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

The plaintiff alleges in his Complaint that the defendants conspired together on March 10 and 11, 2012, to falsify two urinalysis tests so as to reflect a false positive result. The plaintiff further asserts that this was done in retaliation for an administrative grievance which he had filed against one of the defendants.  Notwithstanding, he concedes that he was not issued a disciplinary report in connection with the falsified urinalysis reports.  Instead, he complains that he was thereafter charged with a false disciplinary report which accused him of "Defiance".  He asserts that, as a result of that charge, he was found guilty and sentenced to a loss of 90 days of accrued good-time credit. He prays for an Order compelling the defendants to provide him with a "polygraph lie detector test" so that he can clear his name relative to the false disciplinary report and the two falsified urinalysis reports.

The plaintiff fails to state a claim cognizable in this Court.  First, under § 1983, the mere allegation that an inmate has been reported or punished for conduct which he did not commit or of which he is innocent does not, without more, amount to a denial of due process.  Collins v. King, 743 F.2d 248 (5th Cir. 1984).  By extension, it cannot be considered a constitutional violation for a correctional officer to falsify a urinalysis test so as to make it appear that an inmate has committed wrongdoing.  Accordingly, the plaintiff's claim regarding the allegedly falsified urinalysis tests and the allegedly false disciplinary report fails to rise to the level of a constitutional violation.

Notwithstanding the foregoing, although the mere issuance of a false report does not amount to a denial of due process, the issuance of a false report, if done simply to retaliate against an inmate for the inmate's exercise of constitutional rights, may violate a plaintiff's substantive due process rights.  Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989).  Specifically, prison officials are not allowed to retaliate against an inmate because of the inmate's exercise of his First Amendment right to complain to supervisory officials about the alleged wrongful conduct of prison employees.  Id. However, inasmuch as claims of retaliation are not favored, it is the plaintiff's burden to provide more than mere conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

Woods v. Smith, 60 F.3d. 1161, 1166 (5th Cir. 1995), cert. denied, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). Further, in order to sustain a showing of a constitutional violation, the plaintiff must assert more than a de minimis or inconsequential "retaliatory adverse act", i.e., an adverse act that "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." Morris v. Powell, 449 F.3d 682 (5th Cir.), cert. denied, 549 U.S. 1038, 127 S.Ct. 596, 166 L.Ed.2d 443 (2006).

Applying this standard in the instant case, it is apparent that the plaintiff has failed to sufficiently allege a claim of retaliation against the defendants relative to the alleged falsified urinalysis tests. The plaintiff provides no more than a conclusory assertion that he believes that the defendants' conduct was motivated by retaliatory animus, and he provides no chronology of events from which a retaliatory motive may plausibly be inferred. Further, it is clear that, inasmuch as the plaintiff concedes that he was not charged with any rule violation as a result of the allegedly falsified urinalysis tests, the falsification thereof did not constitute anything more than a de minimis or inconsequential "retaliatory adverse act". Accordingly, the plaintiff's claim relative to the alleged retaliatory nature of the false urinalysis tests is frivolous as a matter of law and must be dismissed.

Turning to the plaintiff's claim regarding the alleged retaliatory nature of the disciplinary report for "Defiance", the Court need not address this claim because the plaintiff concedes that he was deprived of 90 days of good-time credit in connection with this report. In this regard, when a prisoner brings a claim that directly or indirectly challenges the constitutionality of his term of confinement, the claim must initially be pursued in a habeas corpus proceeding. Serio v. Members of the Louisiana State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987). In the instant case, the plaintiff prays for relief in the form of a polygraph test which, he contends, will prove that the referenced disciplinary report is false. Clearly, a determination of his entitlement to this relief would have the

potential effect of voiding his disciplinary sentence, restoring his good-time credits, and thereby shortening the plaintiff's period of confinement by granting him earlier release. This claim, therefore, necessarily calls into question the length of the plaintiff's confinement and, because a successful resolution of this claim would theoretically result in his earlier release, he must first pursue this claim in a habeas corpus proceeding. Keenan v. Bennett, 613 F.2d 127, 129-30 (5th Cir. 1980); Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987). For this reason, the plaintiff's claim in this regard must be dismissed.

Similarly, with regard to the plaintiff's claim for monetary damages under 42 U.S.C. § 1983 as a result of the wrongful disciplinary charge, his Complaint fails to state a cause of action. In this regard, a prisoner's § 1983 claim for monetary damages or equitable relief attributable to alleged wrongful confinement is not cognizable in federal court if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See also Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, supra. In the present case, resolution of the plaintiff's claim in his favor, i.e., a determination that he is entitled to monetary damages or equitable relief under § 1983 as a result of the complained-of disciplinary report and good-time deprivation would necessarily imply that the disciplinary charge and sentence were invalid and that his good-time credits should be restored. Since this would result in a shortening of the plaintiff's period of confinement and since he has failed to allege or even suggest that the 90-day good-time deprivation has been invalidated or called into question in a separate proceeding, the plaintiff's claim falls squarely within the holding of Heck v. Humphrey. Accordingly, his cause of action under § 1983 for monetary damages and equitable attributable to the alleged unconstitutional disciplinary charge and sentence has not yet accrued. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous"). See also

Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997); Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994). It is therefore appropriate that the plaintiff's § 1983 claim resulting from the loss of his good-time credits be dismissed, with prejudice.[1]

RECOMMENDATION

It is recommended that the plaintiff's claim brought pursuant to 42 U.S.C. § 1983 be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e), without prejudice to the plaintiff's right to seek habeas corpus relief and/or other relief upon satisfaction of the requirements set forth in Heck v. Humphrey, supra.[2]

Signed in Baton Rouge, Louisiana, on September 18, 2012.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] The plaintiff has also alleged that the actions of the defendants in this case were part of a conspiracy to retaliate against him. His assertions regarding a conspiracy, however, are entirely conclusory, and it is well-settled that more than a conclusory, blanket allegation of conspiracy is necessary to support a claim under § 1983. Young v. Biggers, 938 F.2d 565 (5th Cir. 1991).

[2] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."